OPINION
{¶ 1} On December 27, 2001, the Licking County Grand Jury indicted appellant, John E. Entingh, on one count of breaking and entering in violation of R.C. 2911.13.
 {¶ 2} A jury trial commenced on July 26, 2002. The jury found appellant guilty as charged. By judgment entry filed same date, the trial court sentenced appellant to eleven months in prison.
 {¶ 3} On August 9 and 23, 2002, appellant filed motions for new trial. By judgment entry filed September 10, 2002, the trial court denied said motions.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The trial court erred, depriving defendant-appellant his right to due process of law under the fifth amendment to the Constitution of the United States when it entered judgment against the defendant for breaking and entering when the manifest weight of the evidence would not support conviction of the charge."
 II {¶ 6} "Defendant-appellant was denied his right to the effective assistance of counsel as guaranteed by the sixth andfourteenth amendments to the United States Constitution and Article I section 10 of the Ohio Constitution when trial counsel failed to object to the introduction into evidence defendant's video and audiotaped statement that he had been previously arrested for taking building materials from a [construction] jobsite."
 III {¶ 7} "Defendant-appellant was deprived of his right to a fair and impartial trial as part of due process of law when the trial court required defendant-appellant to wear a taser [stun] device on his wrist in the presence of and visible to the jury throughout the course of the trial."
 I {¶ 8} Appellant claims his conviction for breaking and entering was against the manifest weight of the evidence. We disagree.
 {¶ 9} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 10} Appellant was convicted of breaking and entering in violation of R.C. 2911.13(B) which states "[n]o person shall trespass on the land or premises of another, with purpose to commit a felony."
 {¶ 11} On the afternoon of December 20, 2001, Reynoldsburg Police Officers Ryan Kiser and Cindy McComb encountered appellant, a roofing and bricklayer subcontractor, at an unoccupied model home near a broken basement window. Appellant was on his hands and knees, wearing gloves and holding a screwdriver. T. at 51, 54. Broken glass was laying on the ground in front of the window, the window was open and trim around the window was torn off and laying on the ground. T. at 56-57. The opening was big enough for access. T. at 60. Also, a screen on a rear window had been pried off. T. at 58. An individual with appellant, Marcus Coleman, was standing in the driveway and looked in appellant's direction when he saw Officer Kiser approaching. T. at 52-53.
 {¶ 12} Appellant argues there was no credible evidence that he intended to commit a theft offense at the model home. Appellant told the officers he was in the area at 5:30 p.m. looking for construction work. T. at 64. He went around the model home to urinate. T. at 62. While standing there, he noticed the trim was out of place on the basement window so he decided to fix it. Id. While fixing it, he broke the window. Id. He took the window out to replace it. Id. Appellant was driving a pick-up truck with a fairly good-sized trailer. T. at 65. The trailer was empty. Id.
 {¶ 13} Mr. Coleman testified he and appellant drove to Reynoldsburg on the day in question to do a job. T. at 94-95. Appellant did not tell Mr. Coleman what the job was. T. at 95. They stopped at a service station and then went directly to the model home. T. at 95-96. Appellant exited the vehicle with gloves and a screwdriver. T. at 97. Appellant returned to the vehicle to inquire of a passing vehicle. Id. After waiting five minutes, appellant again exited the vehicle. Id. Thereafter, Mr. Coleman heard glass shatter. T. at 98. Appellant never told Mr. Coleman he was going to urinate. Id.
 {¶ 14} Although there was no direct testimony of appellant's purpose to commit a theft offense, there was sufficient circumstantial evidence to substantiate the conviction. We note the trial court charged the jury on the lesser included offense of criminal trespass. T. at 122. The jury had the circumstantial evidence and the ability to find no purpose to commit a theft offense. The fact that appellant was stopped short of completing the offense did not relieve him of criminal liability.
 {¶ 15} Upon review, we find the jury did not lose its way in finding appellant guilty and no manifest miscarriage of justice.
 {¶ 16} Assignment of Error I is denied.
 II {¶ 17} Appellant claims his trial counsel was ineffective for failing to object to his videotaped statements regarding a previous arrest for taking building materials from a job site. We disagree.
 {¶ 18} The standard this issue must be measured against is set out in State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 19} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976],48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 20} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 21} During Officer Kiser's discussion with appellant and Mr. Coleman, Officer McComb activated her body mike to pick up the conversation which was "recorded on my in-car video." T. at 75; State's Exhibit 1. The videotape was played during Officer McComb's direct testimony. T. at 77. We note the videotape was an opportunity for the defense to present appellant's version of the events without subjecting him to cross-examination on his criminal record. Such a decision is clearly within the confines of trial strategy. This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." State v.Post (1987), 32 Ohio St.3d 380, 388.
 {¶ 22} As appellant points out, his admission of past criminal behavior could have been redacted. However, there is no evidence an amended videotape would have been admitted by the trial court or that appellee would have presented an edited version.
 {¶ 23} Upon review, we find no ineffective assistance of counsel.
 {¶ 24} Assignment of Error II is denied.
 III {¶ 25} Appellant claims he was denied the right to due process of law because the trial court required him to wear a Taser stun device on his wrist in the presence of the jury. We disagree.
 {¶ 26} Because no objection on this issue was made during the trial, and the record does not establish appellant was wearing the Taser device, we are unable to rule on this issue. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 27} Assignment of Error III is denied.
 {¶ 28} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By Farmer, P.J., Edwards, J. and Boggins, J. concur.
Topic: Breaking entering: manifest weight; videotaped statements admissible.